**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMAAL NAJEEB, | ) | CASE NO. 1:22-cv-241 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN LEON HILL, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

**I.     Introduction**

Before the Court is the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by *pro se* petitioner Jamaal Najeeb ("Najeeb" or "petitioner"). (Doc. No. 1, Petition.) Najeeb is a state prisoner incarcerated in the Marion Correctional Institution pursuant to 2002 convictions in the Cuyahoga County Court of Common Pleas. (*Id*. ¶¶ 1–5.) In his petition, Najeeb does not challenge the legality of his Cuyahoga County convictions. Instead, he claims his continued incarceration violates his constitutional rights due to COVID-19 conditions existing in the prison and his high-risk health issues. (*See id.* ¶ 12.) For relief, Najeeb seeks immediate release from incarceration.

**II.     Standard of Review**

Federal district courts conduct initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Habeas Corpus Cases

Under Section 2254; s*ee also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" a habeas corpus petition for lack of merit on its face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

### III. Analysis

Upon review, the Court finds that Najeeb's petition must be dismissed.

Before a state prisoner may seek habeas relief under § 2254, he must first exhaust his available state-court remedies.[1] 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Exhaustion requires a petitioner "to give the state courts a full and fair opportunity to resolve [his] federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan*, 526 U.S. at 845. A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and to prevent needless friction between the state and federal courts. *See id.*; *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

It is clear from the face of the petition that Najeeb has not exhausted the federal claims he seeks to assert. Petitioner does not represent that he has presented, or has even attempted to present,

---

[1] The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

his claims in any Ohio court. Instead, he simply indicates he has unsuccessfully pursued administrative grievances within the prison system and asserts that the "State of Ohio [is] not providing adequate remedy to pursue relief" on his claims. (Doc. No. 1 ¶ 18.) These statements are insufficient to demonstrate that Najeeb has exhausted his state-court remedies.[2] Najeeb's petition must be dismissed so as not to interfere with the prerogative of the Ohio courts to address his claims in the first instance. *See, e.g, Makin v. Wainwright*, Case No. 3:20-cv-912, 2020 WL 2085141 (N.D. Ohio Apr. 30, 2020) (dismissing federal habeas petition due to COVID-19 conditions for failure to demonstrate exhaustion of state-court remedies); *Walker v. Warden, Warren, Corr. Inst.*, Case No. 1:20-cv-302, 2020 WL 6392463 (S.D. Ohio Nov. 2, 2020) (Report and Recommendation) (recommending dismissal of federal petition based on COVID conditions where petitioner failed to afford the Ohio courts an opportunity to address his claims).

## IV. Conclusion

Accordingly, the instant petition (Doc. No. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Najeeb may re-file a federal petition after he has presented his claims in the Ohio courts.

---

[2] Nor are these statements sufficient to demonstrate an "absence of available State corrective process" or "circumstances that render such process ineffective to protect his rights" under 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 8, 2022

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**